UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN R.,<br><br>                              Plaintiff,<br><br>v.<br><br>Kilolo KIJAKAZI,<br><br>                              Defendant. | Case No.:  22-cv-0780-AGS<br><br>**ORDER GRANTING PLAINTIFF'S IN FORMA PAUPERIS STATUS (ECF 2)** |

Plaintiff moves to proceed in forma pauperis (IFP). Plaintiff qualifies to proceed without paying the initial filing fee, and her complaint states a claim for relief. So, the Court grants plaintiff's motion.

### I. Motion to Proceed In Forma Pauperis

Typically, parties instituting a civil action in a United States district court must pay a filing fee of $402. [1] *See* 28 U.S.C. § 1914(a). But if granted the right to proceed in forma pauperis, a plaintiff can proceed without paying the fee. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

---

[1] In addition to the $350 statutory fee, civil litigants must pay a $52 administrative fee. *See* 28 U.S.C. § 1914(a); District Court Misc. Fee Schedule, § 14 (effective Dec. 1, 2020).

Here, plaintiff owns no assets and has $26.80 in her bank accounts. (ECF 2, at 2, 4.) She has no income and no monthly expenses. (*Id.* at 2-3.) The Court finds that plaintiff has sufficiently shown an inability to pay the initial $402 fee.

## II. 28 U.S.C. § 1915(e) Screening

When reviewing an IFP motion, the court must screen the complaint and dismiss it if it is "frivolous or malicious," "fails to state a claim," or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). In the Social Security context, a plaintiff's complaint must set forth sufficient facts to support the legal conclusion that the Commissioner's decision was incorrect. "[T]o survive the Court's § 1915(e) screening," a plaintiff must (1) "establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision," (2) "indicate the judicial district in which the plaintiff resides," (3) "state the nature of plaintiff's disability and when the plaintiff claims she became disabled," and (4) "identify[] the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that plaintiff is entitled to relief." *Varao v. Berryhill*, No. 17-cv-02463-LAB-JLB, 2018 WL 4373697, at *2 (S.D. Cal. Jan. 31, 2018) (alteration and citation omitted).

Plaintiff meets all four elements to survive a § 1915(e) screening. First, plaintiff "exhausted all administrative remedies by seeking review with the Appeals Council," which denied her request on April 4, 2022. (ECF 1, at 1.) Next, plaintiff claims to reside in Fallbrook, California "within the jurisdictional boundaries of this Court." (*Id.* at 2.) The complaint also states the nature of plaintiff's disability: "severe physical and mental impairments, including: chondromalacia, below the knee amputation of the right leg, bipolar disorder, major depression, attention deficit hyperactivity disorder, and obesity" which rendered her disabled since November 27, 2015. (*Id.* at 2.) Finally, plaintiff identifies the nature of her disagreement with the Social Security Administration's determination, arguing that the "ALJ failed to specify the length of breaks in the RFC

assessment." (*Id.* at 2.) Based on these allegations, plaintiff's complaint is sufficient to survive the "low threshold" for proceeding past the § 1915(e) screening. *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).

### III. Conclusion

For the reasons set forth above, the Court grants plaintiff's IFP Motion.

Dated:  June 1, 2022

_____
Hon. Andrew G. Schopler
United States Magistrate Judge